LESTER BROTHERTON, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

On the trial of an indictment for murder it appeared that the deceased was shot on a Thursday evening, and from that time was apprehensive that the wound was fatal; on Friday he repeatedly stated that he would not recover, and on Saturday morning he was so informed by his physician; he subsequently on that day made certain statements and soon thereafter became unconscious and died the next day. *Held,* that the evidence sufficiently showed that the *ante mortem* declarations were made under a sense of impending death to authorize their admission as evidence.

The prisoner approached the deceased, who was his son-in-law, and intimately acquainted with him, disguised as a tramp. The dying declarations were, in substance, that he (deceased) at first did not recognize the prisoner, but when the latter drew his pistol and "commenced his pranks," he knew that it was the prisoner. *Held,* that the declarations were not mere expressions of opinion; but were statements of facts, and, so, were competent.

The certificate of the foreman of a grand jury that it is a true bill, indorsed upon an indictment, is no part of the indictment, but simply the statutory mode of authenticating it, and the fact that the copy of an indictment in the record, brought to this court, does not contain the certificate, is not available to prove that there was no certificate where the record states that the grand jury appeared in open court and duly presented the indictment, a copy of which is given; it will be assumed in such case that the indictment was regularly presented.

Such an objection is not available here where no point was made presenting it on the trial.

An error in the charge of the court upon a criminal trial can only be availed of in this court upon exceptions duly taken on the trial.

Upon a criminal trial the burden of proving that the offence charged was committed by a person responsible for his acts is upon the prosecution. The law, however, presumes that every individual is sane. Upon this presumption the prosecution may rest without proof, and in case the defense of insanity is interposed, it is for the prisoner to establish it. If evidence is given tending to establish insanity, the general question is presented to the court and jury whether the crime, if committed, was committed by a person responsible for his acts; the prosecutor holding the affirmative; and if a reasonable doubt remains as to the sanity of the prisoner he is entitled to the benefit of it.

The defense of insanity having been interposed the court charged, "this allegation of insanity is an affirmative issue which the defendant is bound to prove," but also charged, if "there is a well-founded doubt whether this man was insane at the time he fired the pistol you will acquit him." *Held,* no error.

(Argued September 24, 1878; decided November 12, 1878.)

ERROR to the General Term of the Supreme Court, in the fourth judicial department, to review judgment of the court of Oyer and Terminer of the county of Cayuga, entered upon a verdict convicting plaintiff in error of the crime of murder in the first degree.    (Reported below, 14 Hun, 486.)

On Thursday evening, August 9, 1877, the deceased, Charles Moon, a farmer living in Cayuga county, who was a son-in-law of the plaintiff in error, was shot as he was return-ing from his pasture ; he died on the Sunday following.

The facts pertinent to the questions discussed are suffi-ciently set forth in the opinion.

*John D. Teller*, for plaintiff in error.    The court erred in charging that the allegation of insanity was an affirmative issue, which the defendant was bound to prove, and that the jury must be satisfied from the testimony introduced by him that he was insane.    (*People* v. *McCann*, 16 N. Y., 70; *Wagner* v. *People*, 4 Abb. App. Dec., 509; *State* v. *Johnson*, 40 Conn., 136; *State* v. *Jones*, 50 N. H., 370; *People* v. *Garbutt*, 17 Mich., 9; *Polk* v. *State*, 19 Ind., 170; *Bradley* v. *State*, 31 id., 492; *Stevens* v. *State*, id., 485; *State* v. *Crawford*, 11 Kans., 32; *Smith* v. *Com.*, 1 Derv., 224; *Com.* v. *Kimball*, 24 Pick., 373; *Com.* v. *Dana*, 2 Met., 340; *Com.* v. *Rogers*, 7 id., 500; *Com.* v. *McKie*, 1 Gray, 61; *Hundley* v. *State*, 46 Mo., 414.)    It was error to charge that the question of insanity here was brought down to the question of a capacity to distinguish between right and wrong when the act was committed.    (2 Greenl. Evi., § 373; *Flanagan* v. *People*, 52 N. Y., 467; *Willis* v. *People*, 32 id., 717; *Freeman* v. *People*, 4 Den., 28; *State* v. *Jones*, 50 N. H., 370.)    It was error to charge that the only question for the jury was whether this case came under the definition of murder in the first degree.    (3 Coke's Insts., 47; *People* v. *McCann*, 16 N. Y., 68.)    The dying declarations of the deceased should have been excluded because it did not appear they were made under an impression of immediate dissolution and because they were expressions of opinion, not statements

of what the deceased knew to be facts. (1 Phil. Ev., 290, note; *People* v. *Shaw*, 63 N. Y., 36.) The omission of the record to state that the foreman of the grand jury certified under his hand that the indictment was " a true bill " was an error reviewable on the return. (2 R. S., 726, § 36; *People* v. *Stockham*, 1 Park., 424; *Graham* v. *People*, 63 Barb., 468; *Messner* v. *People*, 45 N. Y., 1.)

*S. E. Payne*, for defendants in error. The *ante mortem* statements of the deceased having been made after he had given up all hope of recovery were competent evidence. (Rosc. Cr. Evi., 30; 1 Greenl. Ev., § 158; *People* v. *Grunzig*, 1 Park., 299; *People* v. *Robinson*, 2 id., 236.) The directions of the charge on the subject of insanity were correct. (*People* v. *McCann*, 16 New York Reports, 48; *People* v. *Schryver*, 42 id., 18; *Flanagan* v. *People*, 52 id., 471; *State* v. *Spencer*, 1 Zab. [N. J.], 196; *Com.* v. *Rogers*, 7 Metcalf, 500; *McNaughton's Case*, 47 English C. L. R., 131.)

CHURCH, Ch. J. A question is made that the *ante mortem* declarations of deceased were improperly admitted on two grounds. First. Because the evidence did not show a proper foundation for its admission ; and, Second. Because it was a statement of opinion merely, and not of facts. The objection is not tenable.

The deceased was shot on Thursday evening, and from that time he was apprehensive that the wound was fatal, but no declarations were allowed by the judge until Saturday, a short time before he became unconscious. On Friday the deceased repeatedly stated that he would not recover, and on Saturday morning he was told by his physician that he must die, and there is not a doubt from the evidence but that he believed so himself. (1 Greenl. on Ev., § 158.) Nor is the other ground tenable. The prisoner approached the deceased, disguised as a tramp, and the deceased stated, that at first he did not recognize him, but that when he drew

the pistol "and commenced his pranks," he knew that it was the prisoner. The deceased was the son-in-law of the prisoner, and was intimately acquainted with him, and his language indicates that he spoke from knowledge derived from personal observation.

The objection that the copy of the indictment in the record does not contain the indorsed certificate of the foreman of the grand jury that it is a true bill, is not available to prove that there was no certificate. No such point was made on the trial Besides the record states that the grand jury appeared in open court, and duly presented the indictment, a copy of which is set forth. From this we must assume that it was presented according to law. The certificate of the foreman is no part of the indictment, but is the statutory mode of authenticating it, and the record furnishes evidence that it was so authenticated.

We have examined with care all the considerations presented by the counsel for the prisoner in respect to the alleged error in the charge of the judge upon the question of insanity, and we concur with the opinion delivered at the General Term, that the error, if one was committed, is not available, because no exception was taken, and also that the charge was substantially correct. It has been too often reiterated to be regarded an open question, that errors upon criminal trials can only be available in this court by exceptions duly taken on the trial.

I have however examined the charge, and there was no substantial error committed by the judge.

Crimes can only be committed by human beings who are in a condition to be responsible for their acts, and upon this general proposition the prosecutor holds the affirmative, and the burden of proof is upon him. Sanity being the normal and usual condition of mankind, the law presumes that every individual is in that state. Hence a prosecutor may rest upon that presumption without other proof. The fact is deemed to be proved *prima facie.* Whoever denies this or interposes a defense based upon its untruth, must prove it;

the burden, not of the general issue of crime by a competent person, but the burden of overthrowing the presumption of sanity and of showing insanity, is upon the person who alleges it, and if evidence is given tending to establish insanity, then the general question is presented to the court and jury whether the crime, if committed, was committed by a person responsible for his acts, and upon this question the presumption of sanity, and the evidence, are all to be considered, and the prosecutor holds the affirmative, and if a reasonable doubt exists as to whether the prisoner is sane, or not, he is entitled to the benefit of the doubt, and to an acquittal. The question may be stated in a variety of language. There is no rigid rule prescribing the particular terms to be employed, if the substance of the rule is preserved.

The judge in this case among many others not criticized, used this expression : " This allegation of insanity is an affirmative issue which the defendant is bound to prove, and you must be satisfied from the testimony introduced by him that he was insane." And he also charged that if " there is a well-founded doubt whether this man was insane at the time he fired the pistol, you will acquit him." Take the two paragraphs of the charge together, there was no error. The prisoner was bound to prove that he was not sane, and whether insanity is called an affirmative issue, or it is stated that the burden of proof of insanity is upon the prisoner in order to overcome the presumption of sanity, is not very material, if the jury are told as they were in this case that a reasonable doubt upon that question entitled the prisoner to an acquittal. The jury could not have misunderstood their duty under these instructions, nor have been misled by them, and if an exception had been taken, it must have been overruled.

It being a capital case we have taken time for examination, and we are unable to find any error of law committed against the prisoner on the trial. The question relating to the state of the prisoner's mind at the time the alleged act was committed, was a question of fact, and was fully litigated and

fairly submitted to the jury, and their decision is conclusive upon the court.

The judgment must be affirmed.

All concur, except MILLER and EARL, JJ., absent at argument.

Judgment affirmed.