Conviction and judgment reversed and defendant discharged.

LERANED, P. J. and LANDON, J concur.

---

## Court of Oyer and Terminer—Washington County.

*February*, 1887.

## PEOPLE v. CLEMENTS.

MOTION TO SET ASIDE INDICTMENT. CODE CRIM. PRO., § 313.

A defendant in moving to set aside an indictment is not confined to the grounds specified in section 313 of the Code of Criminal Procedure.

The provisions of section 313 of the Code of Criminal Procedure, have only reference to motions based on the grounds therein stated, and require that motions based on those grounds be made before the defendant pleads to the indictment.

*Semble,* that on such a motion affidavits may be used.

When a case has been re-submitted to grand jury by direction of the court upon sustaining a demurrer to an indictment, the operative power of that direction ceases and the case cannot afterward be submitted to another grand jury by virtue of that direction.

Where after a case has been re-submitted to a grand jury by direction of the court, and a new indictment found, if thereafter, without the direction of the court, another indictment be found for the same offense, the latter indictment will be set aside.

MOTION made by defendant George Clements on his arraignment to dismiss an indictment.

The facts appear in the opinion.

*Hughes & Northrup,* for defendant and motion.

*Edgar Hull,* district attorney, for the people, in opposition.

POTTER, J.—This is a motion to set aside, or quash an indictment against the defendant for perjury in deposing to a banking report, made in June, 1884.

The ground of the motion is that the defendant was indicted for the same offense prior to May, 1885, and that at the May term of the Court of Oyer and Terminer, a demurrer to such indictment was sustained by the court, who thereupon, pursuant to section 317, Code Criminal Procedure, directed the case to be re-submitted to the same, or another grand jury, and that thereafter, and at said May Oyer and Terminer, the case was re-submitted, and a new indictment for the same offense was found by the grand jury of the May term, and that thereafter, and without any further order or direction of any court, the case was re-submitted to the grand jury of the Court of Oyer and Terminer, held in October, 1886, and that the last named grand jury found an indictment against the defendant for the same offense, and that again at the January term of the Oyer and Terminer in 1887, the case was, without any order or direction of this court, re-submitted to the grand jury, who found an indictment against the defendant for the same offense.

Upon the arraignment of the defendant upon this latter indictment, the defendant's counsel moved that an order be made superseding and quashing the indictments of May and October, which motion was granted, pursuant to section 42, article 2, title 4, chapter 2, part 4, R. S., original paging, 725.

Thereupon, the defendant's counsel moved to set aside the last mentioned indictment, upon the ground that it was for the same offense as was the indictment which had been over-ruled upon demurrer, and that this latter indictment had been found by a grand jury without any direction or permisssion from any court that the case be submitted to such grand jury.

The district attorney contends that the defendant cannot raise the question by a motion to set aside the indictment, for the reason, that under the existing Code of Criminal Procedure, no motion can be made to set aside an indictment, ex-

cept under section 313, Code Criminal Procedure, and for the grounds therein specified.

There can be no question, I apprehend, that the irregularities specified in section 313, viz., that the indictment was not properly found, endorsed or presented, or that a person other than a grand juror had been permitted by the grand jury to be present at the consideration or finding of the indictment, as well as a great variety of other irregularities or defects, might be, and generally were corrected by a motion to quash or set aside the indictment.

It was, however, for a long time in this and other States, a mooted question whether the motion to correct the irregularities above specified, should be made upon the arraignment, and before the defendant had pleaded to the indictment, or whether the motion might be made at some other, or at any other stage of the case.

The decisions of the courts in different States were not uniform; the court in this State has held latterly that a motion to set aside the indictment upon those grounds, must be made before trial. *People* v. *Brotherton*, 75 N. Y., 159; so in Maine, 4 Greenleaf, 439.

It seems to me that it would be a most strained and narrow construction, to hold that no motion can now be made to set aside or quash an indictment, except upon the grounds specified in section 313.

To sustain such a view, would be to hold that by section 313, the Legislature had changed the practice which has hitherto existed in criminal cases, and had practically deprived a person charged with the commission of a crime, of all the benefits, advantages and rights which had hitherto been allowed to him by motions — such as motions to quash an indictment because the evidence before the grand jury was illegal or incompetent, or because of the examination of the defendant himself, his attorney, or his physician in relation to forbidden topics; to set aside a part of an indictment by compelling the prosecutor to elect a particular count; for variance; for uncertainty; for want of venue of the crime; because

two grand juries were sitting at the same time in the same county, and for numerous other grounds.

I do not need to cite cases in which all the above grounds and many other grounds of motions have sufficed to set aside indictments; the legal reports of all States and countries *abound* with such cases.

To give section 313 the construction contended for, would, it seems to me, violate the salutary principles laid down for the construction of repealing and amendatory statutes, would deprive the citizen of the rights and advantages hitherto allowed him in his defense when charged with crime—in short, would be oppressive and revolutionary.

The contention of the district attorney, practically, would limit the defendant in making his defense, to one motion, and that one to be based upon the grounds specified in section 313, and to two of the three pleas specified in section 323, viz,—not guilty, and a former judgment of a conviction or an acquittal of the crime charged; clearly, these pleas will not, and cannot be construed so as to allow the defendant to raise the question involved in this motion.

Was it the intention of the legislature, by the enactment of section 313, to deprive persons thereafter indicted, of the defense indicated by the motion in this, and of that great number of motions founded upon the grounds above specified, and of the still greater class not specified ?

I find on looking through the practice in criminal cases, that motions have been made upon all these various grounds the same since the enactment of section 313, as before it; this of course does not prove that the old ways have not been superseded, but it tends to prove, that if superseded, the discovery of it was very recent.

But putting aside the principles of construing statutes, it seems to me the purpose and intent of the legislature in the enactment of the section in question is plain from the condition of the former law, and the language of the section itself.

Under the former practice, it was not defined by statute, when or how the grounds specified in section 313 were to be brought to the attention of the court.

The mode of raising the question of the legality, or of the organization of the grand jury, was sometimes by a motion to quash the indictment. *People* v. *Jewett*, 3 Wend., 314. And in some cases by a plea in abatement, and sometimes by motion made during trial, and even after conviction, and in some cases, by a challenge to the array. *People* v. *Dolan*, 6 Hun, 232, s. c., 493; *Dolan* v. *People*, 64 N. Y., 485.

Of course, an objection to the constitution of the grand jury, or the manner in which their indictments should be endorsed or presented to the court, has nothing to do with the guilt or innocence of the person charged with a crime, and should not be allowed to embarrass the trial, or defeat a verdict after the same has been rendered by a trial jury.

The legislature, therefore, wisely enacted by section 312, that the defendant, in answer to the indictment, may either move to set the same aside, or may demur or plead thereto, and by section 313, that the indictment must be set aside by the court in which the defendant is arraigned, and upon his motion in either of the following cases: 1st. When it is not found, indorsed and presented as prescribed in sections 268 and 272; 2d. When a person has been permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration, except, etc., and by section 314 which provides that if the motion to set aside the indictment be not then made, the defendant shall be precluded from afterwards taking the *objections mentioned in the last section.* It is clear, therefore, that section 313 relied upon by the district attorney, has no reference to this motion, or to any of the great number of motions which may be made, before spoken of, but has sole reference to motions based upon the grounds stated in section 313.

After the above sections were adopted on June 1st, 1881, and in September of the same year, the indictment in the case of People v. Petrea, reported in the 92 N. Y., 128; 1 N. Y. Crim., 233, at considerable length, was found and presented.

The question raised in that case was whether the grand

jury who found and presented the indictment, was a constitutional grand jury,—the grand jury having been drawn under recent changes of the law for that purpose, and only applicable to the county of Albany.

The court discusses the question of these changes at great length, and reach the conclusion that the law was unconstitutional, but that the grand jury then drawn was, nevertheless, a valid and *de facto* grand jury, and that the indictment found by them was valid.

The district attorney relies upon one or two sentences in the opinion of the judge delivering the opinion in that case after reaching the conclusion that the grand jury was a valid grand jury, to support his contention upon this motion.

With all respect, I think those sentences, when regarded with reference to the subject there under consideration, do not afford any support to his contention.

The status of the case then before the court, was this,— the defendant had filed a *paper*, which was not a plea authorized, and hence could not be considered, and the defendant also had a motion to set aside the indictment upon other than the grounds specified in section 313.

The court—after deciding that the grand jury in that case was a legal grand jury—took occasion to remark that any other objections as to the action and regularity of the grand jury was merely a question of procedure, and to be brought before the court under section 313, and as none of the grounds complained of were specified in section 313 no motion to set aside an indictment could be entertained upon any other grounds.

Or, in legal effect, the court had held that the grand jury was legal, and there being nothing in the defendant's papers showing that the grand jury was not in full compliance with the requirements of section 313, there were no other objections to the grand jury to be considered, for the court could not consider any objections to a legal grand jury, except those objections specified in that section, for according to a familiar rule of construction, the expression of certain grounds

of objection to a legal grand jury, excludes all other grounds.

This was manifestly all that was intended by the expression referred to.

To give the words the meaning contended for would, by an equivocal expression in the opinion of a judge, after having, at considerable length and with great ability discussed and decided a grave constitutional question, and upon a mere matter of practice, upon a motion sweep away those common and necessary motions to set aside indictments that were essentially defective and insufficient to form the basis of a conviction of crime, or as is claimed in this case, found by the grand jury without the permission of the court, and in violation of a law which protects the citizen against future prosecution, such a construction would, by a dash of the pen, abolish all that class of motions which are, and should be the protection and shield of the citizen in many cases, and give him no remedy in their stead, for many of the grounds of motions to set aside indictments cannot be made available to the defendant under a demurrer or plea as provided by the code, which would be the only means left to defend against an indictment, if the defendant is thus denied all motions to set it aside, except upon the few and insignificant grounds specified in section 313.

I have been, and am still of the opinion that the legislature intended by the Code of Criminal Procedure, to devise and prescribe a simple and practicable mode of procedure upon the part of the prosecution, and of the defence; by this scheme, it is manifest that the defendant is permitted under section 313, to answer an indictment by a motion to set aside the indictment, or demurrer, or plead thereto.

By section 312, the defendant is not restricted from the use of any grounds formerly available upon such motions; subsequent sections impose restrictions upon some merely technical grounds, and section 313 imposes restrictions as to the procedure before the grand jury, and requires the motion upon those grounds to be made before the defendant pleads to the indictment.

I apprehend that appeals from the decision of the supreme court upon motions to set aside indictments, could rarely reach the Court of Appeals, and hence, perhaps, no cases of that character have been presented in that court since the decision in the 92d N. Y., *supra.*

But I believe the supreme court in all its branches, and in all parts of the state have been engaged in like manner, and the same as formerly in entertaining and deciding motions to set aside indictments upon various grounds, other than those specified in section 313, since the decision in People *v.* Petrea, *supra.* *The People* v. *Singer*, (October, 1886,) 5 N. Y. Crim. Rep., 1; *People* v. *Sellick*, 4 N. Y. Crim. Rep., 329; *People* v. *Cook*, 41 Hun; 5 N. Y. Crim. Rep., 115.

I must conclude that this motion must be entertained by the court, and disposed of upon its merits.

The district attorney objects, and cites the case of the *People* v. *Clews* in support of the objection that the defendant cannot present affidavits upon this motion. That was a motion to set aside an indictment upon affidavits denying some of the essential allegations of the crime charged in the indictment; in short, it was a decision that a criminal trial could not be had upon affidavits in lieu of legal and constitutional evidence.

This is not a trial of the guilt or innocence of the defendant, or whether the essential ingredients of the crime charged in the indictment against him are true or false.

The question here is simply whether this indictment was found without the conceded prerequisite of a direction of the court to the re-submission of the matter to the grand jury that found the indictment. Moreover, the affidavits presented are not at all essential to the motion. The records of this court show all that is necessary to present the motion, and for the decision of it. The affidavits are a convenient method of presenting the record to the jury.

We now come to the consideration of the merits of the motion. The question presented by it is not free from difficulty. I have made a pretty extensive inquiry, and I do not learn

that it has ever been presented to any court in the State, or that any occasion has existed in any other court in the State to consider it.

I have, therefore, been compelled to consider and decide it without any precedent, and upon the principle of cases cited in support of the motion in the elaborate brief of the defendant's counsel, and claimed to be analogous.

It is practically conceded by the district attorney that the court having sustained the demurrer to the indictment for this offense found at the May term of this court, the case could not be submitted to a grand jury then or thereafter, sitting without the direction of the court passing upon the demurrer directing a re-submission.

It is conceded by the counsel for the defense, that such direction was granted by that court in May, 1886.

Was such direction exhausted, or did its operative power cease when it had once been re-submitted, viz., in May, 1886, or did it continue in force, and when it was again submitted, and an indictment was found the following October Oyer and Terminer? And did the same continue to be operative at the succeeding term in January, 1887, when the indictment against which this motion is made was found?

I assume the law existing at the time of the adoption of the Code of Criminal Procedure—in 1881—would allow of the finding of an indictment after the matter had one or more times been presented to a grand jury, and rejected by it.

It is clearly manifest that the legislature designed to change the former law upon this subject, and to confer upon all persons the same protection, and restrain all officers from unjust or excessive prosecution.

This protection could not be wisely provided by an invariable law ; for such a law, while it might prevent unnecessary or oppressive prosecution to the innocent, might become the shield of the guilty. It must, therefore, be accomplished by some other means.

Hence the legislature left it to the court before which the matter had been brought, and who must be supposed to be

in a condition most judiciously to exercise a discretion, to say whether or not a criminal charge which had not been sustained before a grand jury, or before the court, should be any further prosecuted.

Hence the legislature provided that in case the grand jury dismiss a charge, the same cannot be presented again to the grand jury, without the direction of the court. Criminal Code, section 270.

The legislature enacted a similar provision in case a grand jury had found a bill, and the same had been set aside upon motion under section 313 by the court, that the same charge should not be again presented to a grand jury, without the direction of the court—section 317.

It was further provided that when a demurrer to an indictment is sustained by the court, it shall be a bar to any other prosecution for the same offense, unless the court direct the case to be re-submitted to the grand jury—section 327.

Before these changes were made, the law was such as not to permit a defendant to be harassed or interfered with, by more than one indictment for the same offense pending against him at the same time, for it is provided that any subsequent indictment shall supersede the former indictment, and the former shall be quashed by order of the court.

In case the indictment is set aside upon motion, not only can it not be presented to a grand jury without the direction of the court, but when such direction is given by the court the charge must not only be presented, but the indictment upon the charge must be *actually* found before the next grand jury of the county is discharged, and unless it is so found, the court is *required* to discharge the defendant, exonerate his bail, and restore any deposits made by defendant in lieu of bail.

From this it is manifest that a person, though charged with a criminal offense, is not unworthy of, or beyond the protection of the law, and is a recognition of the general rule of constitutional right, forbidding more than one trial, and exempting him from more than once being placed in jeopardy for the same offense.

The defendant was indicted the second time for this offense, under permission of the court to re-submit the matter in May, 1886 ; under this order to re-submit the matter, the defendant was at all times liable to be arrested and imprisoned, and his bail was liable for his default in appearing before the court whenever required under an undertaking given at a term prior to the May term at which the demurrer to the indictment was sustained.   Section 518, Code of Civil Procedure.

So far as it appears to the court upon this motion, the indictment found under this permission in May, was never brought to the attention of the court, and the defendant was afforded no opportunity to appear and have action of the court taken in regard to it.

This indictment was allowed to rest quietly among the files of the court in the clerk's office, until the court and the grand jury of the Oyer and Terminer of the succeeding October met.

*Then* nothing was done under the May indictment, found upon the express permission of the court ; it was not brought to the attention of the court, nor its quietude in any wise, disturbed.

The district attorney could, and under ordinary practice should, have had the defendant arraigned, and the prosecution proceeded with.   The defendant until arrested or arraigned upon it, was helpless in the premises ; indeed, is not presumed to have known of its existence.

Instead of arraigning and proceeding to try the defendant under the indictment of May—which was found under the express direction or permission of the court—the matter is again presented to the grand jury without such express permission of the court, and a new indictment is found for the offense, and known as the October indictment.

Upon the adjournment of the grand jury of the October term, and down to the January term of 1887, this was the tatus of the matter,—two indictments were on file against the defendant for the same offense.

The defendant was liable to be arrested and imprisoned at any time under both indictments, and would so remain until one of them should be quashed or set aside.

The finding of the October indictment would supersede the May indictment, and as soon as the defendant should be arraigned upon it, give the defendant the right to require the court to enter an order quashing the May indictment.

If the May indictment had been quashed or set aside by arraignment of the defendant upon the October indictment, as the defendant had the right to demand, then clearly, the grand jury could not have found the January indictment of 1887, without a fresh permission being given by the court upon quashing the May indictment. No such permission would have been given by the court, or even asked for by the district attorney, for he had another indictment on hand for the same offense, and ready for use.

Under the provisions of the Code and the duties of the court in respect to bail,—sections 518, 317, 318, 328,—it is quite clear that the bail given in January, 1885, have been liable during all this interval.

The bail had a right to suppose their liabilities would terminate when permission had been given the people to re-submit the matter to the May grand jury, if no bill should then be found.

They had no reason to think or suppose that a bill had been found at that May term, for their principal; the defendant had not been arrested or arraigned, or put upon trial, after the May trial, and that belief would become much stronger, when no call or movement upon the part of the people against the defendant, took place after the discharge of the October grand jury and not till January, 1887, when the present indictment was found.

Perhaps applying the rule to this bail, that is often applied to sureties in civil actions viz. the extending of the time, by the creditor to the debtor, in which to pay, or perform, his agreement without the knowledge or consent of the surety, would have discharged the liability of the bail, at least after the October indictment.

I have already referred to the duty of the district attorney, to have arraigned the defendant upon the October indictment, and the co-relative duty of the court to order the May indictment to be quashed, and the effect of such an order upon the requirement of a fresh order from the court, permitting the matter to be submitted to the January grand jury.

We have seen it was the duty of the district attorney to arraign and proceed against the defendant upon the indictment found in May. If he had done so, that indictment would have received the attention and judgment of the court, and the defendant would have been condemned or discharged, as the court should determine upon the case presented by the May indictment.

If the court had convicted the defendant under that indictment, the defendant would have been sentenced upon the conviction, and there would have been no further occasion or right to proceed or to prosecute the October or January indictments.

If the court had overruled, or set aside the May indictment, or if the defendant had been acquitted upon a trial upon it, neither the October or January indictments could have been found, without new permission from the court.

Neither the May or October indictments had been submitted to the court for its judgment, as required by law, before the finding of the January indictment.

In lieu of that, and without warrant of law, the district attorney, acting upon his own judgment, and not upon the judgment of the court, re-submitted this matter to the October and January grand juries, thus disregarding the change in the law under the Code of Criminal Procedure, which took this power and discretion away from the district attorney, and conferred it upon the court.

No doubt the district attorney acted in good faith, and in the advancement of the public interest, according to his judgment, but that is not the question to be determined.

The true question is whether the court or the district attorney, *alone*, without the advice of the court, should deter-

mine whether the May indictment, found under the permission of the court, or the October indictment, found without such permission, was defective for any cause, or whether, without any cause—for none is presented—the case should be re-submitted to the grand jury.

To my mind, the conclusion is irresistible, that the course pursued in this matter is contrary to law, and in disregard of the clear intention of the legislature, and that the January indictment, the outcome of this course, is irregular and unwarranted, and should be set aside.

If the defendant is guilty, and deserving of punishment, I should regret that the steps taken to obtain such punishment should prove to be the means of preventing it.

Especially so, in view of the zeal and activity which the district attorney has shown, and the expenses which have been incurred by the county in the employment of eminent counsel and expert testimony to aid and sustain the district attorney in this matter, but these considerations can avail nothing upon the question before the court.

However much defendant may be guilty, and however important it may be for the good of the public that the guilty should be punished, it is no less important to that same public, and to every individual, however humble, composing that public, that he should be indicted, tried and convicted, or acquitted according to law.