[No. 6995.]

## Pribble v. The People.

1. **Criminal Law—Insanity—Reasonable Doubt**—An accused person is presumed sane and accountable for his acts.—(214)

The better doctrine, and that supported by the weight of authority, is that if the evidence raises in the mind of the jury a reasonable doubt of the prisoner's sanity, he is entitled to the benefit of this doubt and must be acquitted.—(215)

2. ——**Instructions**—When there is evidence tending to show that the accused, in committing the act, was not mentally accountable, an instruction that withdraws this defense from the jury, or from which the jury may reasonably infer that in the opinion of the court this defense is not in the case, is error.—(212)

So of one which requires the accused to establish insanity, for he is entitled to the benefit of a reasonable doubt of his sanity.—(213)

*Error to El Paso District Court*—Hon. James Owen, Judge.

Messrs. Orr & Cunningham, Mr. Clarence M. Hawkins, and Mr. H. M. Mason for plaintiff in error.

Hon. John T. Barnett, attorney general, Mr. James M. Brinson, deputy attorney general, and Mr. Elmer L. Brock for the people.

Mr. Justice Musser delivered the opinion of the court:

The plaintiff in error, who was defendant below, was convicted of murder in the second degree and sentenced to confinement in the penitentiary for a period of not less than twenty or more than twenty-five years. The case has been brought here for review and numerous errors are assigned.

Instruction No. 20 was in part as follows: "Evidence has been introduced in this case for the purpose of showing intoxication on the part of defendant at the time of the commission of the alleged offense, likewise for the purpose of showing temporary insanity on the part of defendant." The instruction then proceeds with a description of the effect of drunkenness in the case, apparently to conform with the opinion of this court in *Brennan v. People,* 37 Colo. 256. From this instruction, it is seen that one of the defenses was temporary insanity, and that evidence was introduced to support this defense. The insanity referred to by the court was not a condition arising out of drunkenness. The defendant apparently attempted to make it appear that the insanity was caused by a drug administered without the knowledge of the defendant, through the artful contrivance of another, for the purpose of facilitating the robbery of defendant. The court saw

and recognized the competency and purpose of this evidence, and the jury, of course, were the sole judges of its weight and sufficiency and of the credibility of the witnesses from whom it came. No other reference is made to this insanity as a defense excepting as in Instruction No. 15, hereinafter referred to. Instruction No. 9 was as follows:

"If you should find the defendant not guilty of murder of the first degree or murder of the second degree, and should believe from the evidence beyond a reasonable doubt that the defendant as charged in the information killed the said deceased, William A. Neff, but that there was not any malice or any mixture of deliberation therein, then you should find the defendant guilty of manslaughter, either voluntary or involuntary, in accordance with the definition of voluntary and involuntary manslaughter as hereinbefore given you, unless you should acquit him on the ground of self-defense."

Later on in the instructions, elaborate reference is made to the law relating to self-defense. Complaint is made of the last clause of the instruction, to-wit: "Unless you should acquit him on the ground of self-defense." In the oral argument, counsel for the defendant vigorously insisted that this clause of Instruction No. 9 tended to exclude from the consideration of the jury any other defense than that of self-defense, and that it had a tendency to impress the jury with the idea, that in the mind of the court there was no other defense under the evidence. This seems to be the logical effect of the instruction. It told the jury that if they could not acquit the defendant on the ground of self-defense they must find him guilty of manslaughter at least. They could only conclude that self-defense alone would excuse the homicide, and that for some reason the insanity mentioned in Instruction No. 20 was not available

to save the defendant. If that insanity would not excuse the homicide when committed under the circumstances that would otherwise reduce it to manslaughter, it was a very easy, and not unnatural, thing for the jury to conclude that it would not serve as a sufficient excuse, were the circumstances such as to otherwise make the homicide murder. They could only conclude that, for some reason, acquittal on the ground of insanity was out of the case. Instruction No. 15 was as follows:

"If you should find the defendant not guilty of murder of the first degree, or murder of the second degree, and should believe from the evidence that the defendant, as charged in the information, killed the deceased William A. Neff, but that there was not any malice or any mixture of deliberation therein, then you should find the defendant guilty of manslaughter, either voluntary or involuntary in accordance with the definition of voluntary and involuntary manslaughter as hereinbefore given you, unless you should find that the defendant was of unsound mind, or that the killing was done in self-defense."

The objection to this instruction relates to the last clause thereof, reading: "Unless you should find that the defendant was of unsound mind, or that the killing was done in self-defense." Leaving out of view the part of the clause concerning self-defense, the jury were told by this instruction that they must find as a fact that the defendant was of unsound mind before such a condition could avail him, and that if they did not so find they must find the defendant guilty of manslaughter at least. A finding of a material fact in a civil case, is to be made from a preponderance of the evidence, and one in favor of the people in a criminal case, from the

evidence beyond a reasonable doubt. In any event, a finding that the defendant was of unsound mind cannot be made when the preponderance of the evidence shows that he is of sound mind, even though the evidence of unsoundness may create in the mind a reasonable doubt of soundness. The people entered into this case with the presumption in their favor that the defendant was sane, and their evidence nowhere pointed otherwise, and if the defendant desired to overcome this presumption, or to cast a reasonable doubt upon its correctness in his case, it was necessary for him to introduce evidence for the purpose of showing his insanity, which he did, as shown by Instruction No. 20. The people then gave evidence in addition to the presumption. Upon this question the presumption of sanity and the evidence were to be considered by the jury and they were told in Instruction No. 15 that before they could give the defendant any benefit, they must find as a fact that he was of unsound mind. In order to do that, the evidence must have at least preponderated in favor of unsoundness. As the evidence of unsoundness was introduced by the defendant, it is clear that under this instruction the burden was cast upon him of proving the unsoundness of his mind. If the evidence introduced by him created in the minds of the jury a reasonable doubt as to the soundness of his mind, but was insufficient to enable them to find that his mind was unsound, the defendant was, by this instruction, deprived of the benefit of his evidence. The jury could but conclude that this view of the law should be taken by them, not only in the consideration of manslaughter, but of murder as well. There are cases which appear to hold that in a prosecution for murder, wherein the defense is insanity, the burden is upon the de-

fendant to prove his insanity. We think that the better doctrine, supported by the weight of authority, is, that if upon consideration of the presumption of sanity, and all the evidence in the case, a reasonable doubt exists as to whether the defendant is sane or not, he is entitled to the benefit of that doubt and to an acquittal.

After reviewing the cases supporting the opposite doctrine, the supreme court of the United States, in *Davis v. United States*, 160 U. S. 469, at 484 says:

"We are unable to assent to the doctrine that in a prosecution for murder, the defense being insanity, and the fact of the killing with a deadly weapon being clearly established, it is the duty of the jury to convict where the evidence is equally balanced on the issue as to the sanity of the accused at the time of the killing. On the contrary, he is entitled to an acquittal of the specific crime charged if, upon all the evidence, there is reasonable doubt whether he was capable in law of committing crime."

And on page 487:

"Strictly speaking, the burden of proof, as those words are understood in criminal law, is never upon the accused to establish his innocence or to disprove the facts necessary to establish the crime for which he is indicted. It is on the prosecution from the beginning to the end of the trial, and applies to every element necessary to constitute the crime. Giving to the prosecution, where the defense is insanity, the benefit in the way of proof of the presumption in favor of sanity, the vital question from the time a plea of not guilty is entered until the return of the verdict, is whether upon all the evidence, by whatever side adduced, guilt is established beyond reasonable doubt. If the whole evidence, including that supplied by the presumption of sanity, does not ex-

clude beyond reasonable doubt the hypothesis of insanity, of which some proof is adduced, the accused is entitled to an acquittal of the specific offense charged."

The court cites and quotes liberally from numerous decisions supporting the same doctrine, and among others from *Brotherton v. People,* 75 N. Y. 159, as follows:

"If evidence is given tending to establish insanity, then the general question is presented to the court and jury whether the crime, if committed, was committed by a person responsible for his acts, and upon this question the presumption of sanity, and the evidence, are all to be considered, and the prosecutor holds the affirmative, and if a reasonable doubt exists as to whether the prisoner is sane or not, he is entitled to the benefit of the doubt, and to an acquittal."

The jury were not obliged to find as a fact that the defendant was of unsound mind. If, after consideration of all the evidence in the case, a reasonable doubt existed in their minds as to the sanity of the defendant, he was entitled to the benefit of that doubt and to acquittal. There are other errors assigned to the giving and refusal of instructions which it is unnecessary to pass upon, but our silence thereon must not be taken to indicate that such assignments are not good.

For the errors committed by the court in giving Instructions numbers 9 and 15, the judgment is reversed and the cause remanded for new trial.

*Reversed and remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.