[No. 7921]

## DeRINZIE V. THE PEOPLE.

1. CRIMINAL LAW—*Instructions—Insanity*—Information for burglary and larceny. Defense insanity. The jury were charged that if any of the evidence raised in their minds a reasonable doubt as to the sanity of the prisoner they should give him the benefit of the doubt; and in defining insanity the court said that if the accused, at the time of the commission of the crime, was incapable of understanding that it was a violation of "the law of God and society" he should be acquitted.

*Held* that the allusion to the law of God, while unnecessary, was not prejudicial.

2. ——*Instructions—Repetition*—The court in charging the jury is not under duty to repeat itself. An instruction substantially identical with one already given is properly rejected.

3. EVIDENCE—*Insanity—Burden of Proof*—Strictly speaking the burden of proving the sanity of the accused never shifts, but remains upon the people throughout the trial.

*Error to Denver District Court.*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. ISHAM R. HOWZE and Mr. JOHN A. DEWEESE, for plaintiff in error.

Hon. BENJAMIN GRIFFITH, Attorney General, Mr. CHARLES O'CONNOR, First Assistant Attorney General, HON. FRED FARRAR, Attorney General, and Mr. FRANK C. WEST, Assistant Attorney General, for the People.

CHIEF JUSTICE MUSSER delivered the opinion of the court.

The plaintiff in error was convicted of burglary and larceny and seeks to have the judgment reversed on account of alleged errors in giving and refusing instructions. His defense was insanity. Complaint is made of an instruction given with reference to this defense. In this instruction, the jury were told that the law presumes every person to be sane until the contrary is

shown, and that if there was any evidence introduced, either on the part of the state or of the defense, that raised in their minds a reasonable doubt, as elsewhere defined in the instruction, as to the sanity of the defendant, he should be acquitted. The instruction then proceeded to define insanity in a general way, and, in the course of it, it was stated that if the defendant was incapable of understanding, at the time the act was committed, that it was wrong, and that it was a violation of the law of God and society, he should be acquitted. Complaint is made of the reference to "the law of God and society" because, as it said in the brief, the defendant was being tried for a violation of a law of Colorado. The expression, "the law of God and society" was not used by the court to refer to the law or statute under which the defendant was being tried, but to give the jury some idea of the condition his mind should be in in order that he might avail himself of his plea of insanity. The defendant was being tried for burglary and larceny. From all sides of him, since his birth and for ages before, the world over, there has been announced and taught the divine injunction, "thou shalt not steal." It has been wrought into the warp and woof of all the law of all societies, states, nations and communities, including Colorado and the communities wherein the members of the jury may have plied their peaceful and honest occupations, or the defendant pursued whatever calling may have been his wont. It is universally regarded as a law of God and society. The jury could not have been confused or misled, nor the defendant prejudiced by an instruction that if the defendant, at the time of committing the act charged, was so distraught in mind as to be incapable of understanding that his act was a violation of so universal a law, he should be acquitted. It was only equivalent to saying that if his poor mind could not understand that he was committing a wrong he should be al-

lowed to go, and in this respect was a repetition of what had been said in the instruction, and while unnecessary was not prejudicial.

The first instruction requested by defendant and refused by the court related to the presumption of sanity; that it may be overcome by evidence, and that if the jury had a reasonable doubt as to the sanity of the defendant they should acquit him. The jury were correctly instructed as to all these matters. The requested instruction also stated that when evidence of insanity is introduced the presumption changes, and the prosecution is bound to prove sanity beyond a reasonable doubt. Strictly speaking, the presumption of sanity and the burden of its proof never change. From the start to the end of the trial, the burden is on the people to prove sanity beyond a reasonable doubt. The law favors the prosecution with the presumption of sanity and it is thus proof or evidence. Upon all the evidence, including the presumption of sanity, the jury are to consider a case, and if a reasonable doubt then exists as to the sanity of the defendant, he must be acquitted.—*Pribble v. People,* 49 Colo. 210, 112 Pac. 220.

Each of the other instructions that relate to the plaintiff in error, and which were requested and refused, by reiteration in varied language, referred to the presumption of sanity, the burden of proof, and that if there was a reasonable doubt of the sanity of the defendant he should be acquitted. As said before, all these matters were clearly covered in the instructions given, and the giving of them would have been repetition upon repetition. The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.

Decided November 3, A. D. 1913. Rehearing denied March 2, A. D. 1914.