**UNITED STATES of America,
Appellee,**

v.

**Leonard L. LEVY, Appellant.**

**No. 195, Docket 71-1471.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 22, 1971.

Decided Oct. 8, 1971.

Cono R. Namorato, Dept. of Justice, Washington, D. C. (Fred B. Ugast, Act-

ing Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, John P. Burke, Dept. of Justice, Washington, D. C., Stewart H. Jones, U. S. Atty., of counsel), for appellee.

Curtiss K. Thompson, New Haven, Conn. (Thompson, Weir & Barclay), New Haven, Conn., for appellant.

Before FRIENDLY, Chief Judge, and MULLIGAN, Circuit Judge, and WYATT, District Judge.*

PER CURIAM:

This appeal is from a judgment of conviction on two counts of willful income tax evasion (26 U.S.C. § 7201) entered after a non-jury trial before Richard H. Levet, Senior Judge of the Southern District of New York (sitting by designation in the District of Connecticut). Appellant Levy was sentenced to concurrent prison terms on each count (suspended after ninety days and later reduced to sixty days) and fined a total of $8,000. He claims that the government failed to prove beyond a reasonable doubt that he willfully evaded the income tax for the years 1963 and 1964. We affirm.

Appellant's major argument on appeal is that the government failed to establish beyond a reasonable doubt that the admitted evasion of tax was willful; of course, willfulness is a necessary element of the crime. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L. Ed. 150 (1954).

On trial appellant produced three expert witnesses who testified to his mental condition from 1961 to 1965. Their testimony was countered by a psychiatrist who testified for the government in rebuttal. There was also substantial testimony and affidavits from laymen to the effect that the appellant was a busy attorney, financially successful and professionally competent. He was active in civic affairs of the community and in 1962 was a candidate for Attorney General of the State of Connecticut. This entire medical testimony

* Of the Southern District of New York, sitting by designation.

and rebuttal was carefully considered by the trial judge who devoted some nineteen typed pages of his opinion, 326 F. Supp. 1285, to a careful analysis of this evidence. He concluded that the government had proved beyond any reasonable doubt that defendant's conduct was willful and that he was able to conform his conduct to the requirements of the Internal Revenue laws. We find that his conclusion was amply buttressed by the record.

It is significant that the appellant who was represented by counsel, stipulated to the filing of incorrect returns in 1963 and 1964 and to substantial understatements of income and income tax in these years. In 1963 he reported income of $41,388.61 and stipulated at trial that his correct taxable income was $75,432.41 and that, as a result of failing to report additional taxable income of $34,043.80, there was created an additional tax liability of $25,660.86. In 1964 he reported income of $29,335 and stipulated at trial that his correct taxable income was $53,337.45 and that, as a result of failing to report additional taxable income of $23,982.45, there was created an additional tax liability of $14,663.92. These stipulations were entered into after his counsel was given access to government records upon which the indictment was based. The defendant's bookkeeping records were informal at best, however, it is clear that in 1963 his own records of law practice receipts demonstrate a failure to report almost $15,000 of income. In 1964 the record further establishes specific instances of failure to provide the accountants who prepared his return, with items of income including cash fees which appeared in his own personally kept records and which were not deposited in his bank account.

 During 1963 and 1964 the defendant purchased some eighteen bank checks ranging in amounts from $9 to almost $2,700. Fourteen of these checks were in excess of $35. On appeal it is urged that the admission of these checks into evidence was erroneous. We find that they were properly admitted and were probative on the issue of willfulness. Defendant had previously told an Internal Revenue Agent that he purchased such checks only infrequently and then not in excess of amounts of $25 to $35. Although defendant maintained a personal checking account, seven of these checks totalling almost $8,000 were used to purchase securities through local branch offices of major securities brokers. In view of evidence that bank checks are usually purchased by cash, the materiality of these transactions in a tax evasion case is obvious.

We conclude that the inference of willfulness is amply demonstrated by a consistent pattern of understating large amounts of income and defendant's failure to include all of his income in his books and records. Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

Affirmed.