**UNITED STATES of America, Appellee,**

v.

**James M. HENDRIX, Appellant.**

**No. 1292, Docket 76–1083.**

United States Court of Appeals, Second Circuit.

Argued Aug. 16, 1976.

Decided Oct. 6, 1976.

Sheila Ginsberg, New York City (William J. Gallagher, The Legal Aid Society, New York City, of counsel), for appellant.

Samuel H. Dawson, Asst. U. S. Atty., Brooklyn (David G. Trager, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Bernard J. Fried, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Before VAN GRAAFEILAND, Circuit Judge, and KELLEHER * and GAGLIARDI,** District Judges.

VAN GRAAFEILAND, Circuit Judge:

Appellant was convicted of second degree murder under 18 U.S.C. § 1111 for the killing of a fellow crewman on the S.S. Eagle Voyager while it was docked at the port of Odessa, Union of Soviet Socialist Republics. We need not review the details of the slaying, except to state that it was a bloody and brutal affair.

Appellant's defense was premised on the claim of insanity, and it is in the court's charge relative to this defense that reversible error is claimed to have occurred. The District Judge instructed the jury correctly that the burden of proof was on the Government to establish beyond a reasonable doubt that the defendant was not suffering from a mental disease or defect and that if the Government had not established this beyond a reasonable doubt the jury was to bring in a verdict of not guilty. The court also charged, however, that every man is presumed to be sane and to be responsible for his acts. He stated further that this "assumption no longer controls when evidence is introduced that he may have a mental disease or defect". At another point in his charge, the District Judge instructed the jury it might consider that every man is presumed to be sane. He stated that this presumption might be overcome by evidence and that the jury should consider these principles in light of all the evidence in the case and give them such weight as it believed they were fairly entitled to receive. Although appellant took no

exception to the charge, he now asserts that the portion dealing with the presumption of sanity constituted plain error, mandating reversal despite the lack of objection.

When a defendant in a criminal case asserts insanity as a defense, many states place the burden of proof as to this issue upon him. *Buzynski v. Oliver,* 538 F.2d 6 (1st Cir. 1976). This has long been the law of England and Canada as well. *United States v. Dube,* 520 F.2d 250, 255 (1st Cir. 1975). (Campbell, J., concurring).

The rule in the federal courts is different. In *Davis v. United States,* 160 U.S. 469, 485, 16 S.Ct. 353, 357, 40 L.Ed. 499 (1895), the Supreme Court announced that thereafter in federal prosecutions the burden would be upon the Government to establish that the defendant "belongs to a class capable of committing crime." The court then went on to say:

> If the whole evidence, including that supplied by the presumption of sanity, does not exclude beyond reasonable doubt the hypothesis of insanity, of which some proof is adduced, the accused is entitled to an acquittal of the specific offense charged.

*Id.* at 488, 16 S.Ct. at 358.

In enunciating this rule, the court quoted from the leading New York case of *Brotherton v. People,* 75 N.Y. 159, 163 (1878), where the court said:

> [I]f evidence is given tending to establish insanity, then the general question is presented to the court and jury whether the crime, if committed, was committed by a person responsible for his acts, and upon this question the presumption of sanity, and the evidence, are all to be considered . . . .

The courts of New York continue to follow the rule as laid down by *Brotherton*; viz., that the presumption of sanity remains as evidence until the end of the case and the introduction of testimony in rebuttal merely presents a jury question as to

---

* Of the Central District of California, sitting by designation.

** Of the Southern District of New York, sitting by designation.

whether the presumption has been overcome. *People v. Silver,* 33 N.Y.2d 475, 482, 354 N.Y.S.2d 915, 310 N.E.2d 520 (1974). Justification for this "lingering inference" is found in the common experience that most men are sane, " '[s]anity being the normal and usual condition of mankind' . . . ." *Id.* at 481, 354 N.Y.S.2d at 920, 310 N.E.2d at 523; *see also* Richardson on Evidence § 63 (10th ed. 1973).

The history of the rule in the federal courts has been less serene. As the various circuits have struggled to arrive at a workable definition of insanity, *see, e. g., United States v. Freeman,* 357 F.2d 606 (2d Cir. 1966) and *United States v. Brawner,* 153 U.S.App.D.C. 1, 471 F.2d 969 (1972) overruling *Durham v. United States,* 94 U.S.App. D.C. 228, 214 F.2d 862 (1954), they have labored equally hard to find a resting place for the presumption of sanity. The results of their efforts in the latter area have, to say the least, been inconsistent.

The Ninth and Tenth Circuits have departed the farthest from the rule of *Davis* and *Brotherton* by holding that, where evidence of insanity is introduced, the presumption disappears like a "bursting bubble" and, being no longer in the case, is not to be mentioned to the jury. *United States v. Arroyave,* 465 F.2d 962, 963 (9th Cir. 1972); *cf. United States v. Ingman,* 426 F.2d 973, 976 (9th Cir. 1970); *Doyle v. United States,* 366 F.2d 394, 400 (9th Cir. 1966); *Davis v. United States,* 364 F.2d 572, 574 (10th Cir. 1966); *Otney v. United States,* 340 F.2d 696, 698–99 (10th Cir. 1965).

Innovations by the Fifth Circuit have been less radical. That circuit holds that, once evidence of insanity is introduced, the presumption no longer has any evidentiary value. *United States v. Lawrance,* 480 F.2d 688, 692–93 (5th Cir. 1973). However, no error results from the mere discussion of the presumption in the court's instructions. *United States v. Hereden,* 464 F.2d 611, 612–13 (5th Cir.), *cert. denied,* 409 U.S. 1028, 93 S.Ct. 472, 34 L.Ed.2d 322 (1972); *United States v. Harper,* 450 F.2d 1032, 1037–39 (5th Cir. 1971).

The Seventh Circuit, in *United States v. Shapiro,* 383 F.2d 680 (7th Cir. 1967), prescribed a pattern charge which included a statement that the law presumes a defendant to be sane but that this presumption is rebuttable. In *United States v. Sennett,* 505 F.2d 774 (7th Cir. 1974), the court decided that henceforth it would be preferable to remove this reference from the charge but held that no substantial prejudice had occurred because it had been given.

In *United States v. Retolaza,* 398 F.2d 235 (4th Cir. 1968), *cert. denied,* 393 U.S. 1032, 89 S.Ct. 646, 21 L.Ed.2d 576 (1969), the District Court had given the charge approved by the Seventh Circuit in *United States v. Shapiro, supra,* as it was incorporated in the Seventh Circuit's Manual on Jury Instructions. The Court of Appeals for the Fourth Circuit held that this charge was erroneous but that, in the absence of objection, the giving of the instruction did not constitute plain error.

The position of the First Circuit has not been clearly defined. In *United States v. Dube, supra,* 520 F.2d at 251, the majority stated that the introduction of evidence of insanity "dispels the presumption and subjects the prosecution to the burden of proving sanity beyond a reasonable doubt." Yet, Judge Campbell, in concurring, said that the jury should be entitled to consider the inference or presumption that the defendant was sane. *Id.* at 255.

The Third Circuit and the District of Columbia Circuit continue to follow the rule as laid down in *Davis v. United States, supra.* In *Gov't of Virgin Islands v. Bellott,* 495 F.2d 1393, 1397 (3rd Cir. 1974), the court said that the jury should be instructed that there is a presumption of sanity which it may take into account along with all the evidence in the case in determining whether the Government has proved beyond a reasonable doubt that the offense was not the consequence of a mental illness. In *Keys v. United States,* 120 U.S.App.D.C. 343, 346 F.2d 824, 826 (D.C.Cir.), *cert. denied,* 382 U.S. 869, 86 S.Ct. 144, 15 L.Ed.2d 108 (1965), then Judge Burger, speaking for the court, said:

The presumption of sanity, whatever may be its evidentiary value and weight, does not vanish from the case, as appellant would have it. That presumption is grounded on the premise that the generality of mankind is made up of persons within the range of "normal," rational beings and can be said to be accountable or responsible for their conduct; this premise is rooted in centuries of experience, has not been undermined by contemporary medical knowledge, and justifies the continuance of the presumption after introduction of evidence of insanity. *See also Greene v. United States,* 114 U.S. App.D.C. 266, 314 F.2d 271 (1963); *Durham v. United States, supra,* 214 F.2d at 869.

Strangely enough, the question of whether a jury should be informed of the presumption of sanity appears never to have been decided in our own busy circuit. In *United States v. Currier,* 405 F.2d 1039, 1042 (2d Cir.), *cert. denied,* 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 228 (1969), we stated that the Government's burden to prove the defendant's sanity beyond a reasonable doubt does not arise until some evidence is introduced that will "impair" the legal presumption in favor of sanity. *See also United States v. Levy,* 326 F.Supp. 1285, 1297 (D.Conn.), *aff'd,* 449 F.2d 769 (2d Cir. 1971). Whether "impair" is equivalent to "destroy" was not made clear.

We have, in matters involving other presumptions, consistently held that a true presumption is a procedural device, not evidence; and that, when proof in rebuttal is introduced, the presumption is out of the case. *See, e. g., Hudson Valley Lightweight Aggregate Corp. v. Windsor Building & Supply Co.,* 446 F.2d 750, 751 (2d Cir. 1971); *In re Rice's Petition,* 294 F.2d 272, 274 (2d Cir. 1961); *Seaside Improvement Co. v. Commissioner of Internal Revenue,* 105 F.2d 990, 993 (2d Cir.), *cert. denied,* 308 U.S. 618, 60 S.Ct. 263, 84 L.Ed. 516 (1939); *United Business Corp. v. Commissioner of Internal Revenue,* 62 F.2d 754, 755 (2d Cir.), *cert. denied,* 290 U.S. 635, 54 S.Ct. 53, 78 L.Ed. 552 (1933); *Alpine Forwarding Co. v.*

*Pennsylvania R.R.,* 60 F.2d 734, 736 (2d Cir.), *cert. denied,* 287 U.S. 647, 53 S.Ct. 93, 77 L.Ed. 559 (1932); *United States ex rel. Scharlon v. Pulver,* 54 F.2d 261, 263 (2d Cir. 1931); *Pariso v. Towse,* 45 F.2d 962, 964 (2d Cir. 1930).

This is the so-called "Thayer" rule [1] which has been adopted by the American Law Institute in its Model Code of Evidence, Rule 704(2), and is favored by most authorities in the field of evidence. *See* 9 Wigmore, Evidence § 2491 at 289 (1940); H. Weihofen, Insanity as a Defense in Criminal Law, 162 (1933); Richardson on Evidence, § 63 (10th ed. 1973); Reaugh, Presumptions and the Burden of Proof, 36 Ill.L. Rev. 703, 833 (1942); *but cf.* McCormick, Evidence § 316 at 665 et seq. (1954).

■ It may be that if ever guidelines for presumptions in criminal cases are agreed upon and incorporated in the Federal Rules of Evidence, some of the uncertainty which presently exists in this area will be eliminated. In the meantime, we think it would be preferable for our trial judges to follow the same procedure with the presumption of sanity that we mandate for other presumptions and refrain from mentioning it to the jury. If it is commonly accepted that most people are sane, the prosecution will suffer little from the court's failure to mention this presumption. More importantly, the possibility of confusion resulting from the delicate balancing of the Government's burden of proof against the presumption of sanity will be thereby eliminated.

■ It does not follow from this holding, however, that the reference to the presumption in this case was plain error, requiring reversal despite the lack of objection. If this were plain error, the trial courts of the Third Circuit and the District of Columbia, as well as those in states such as New York and Massachusetts, would be routinely in error. We prefer to follow the lead of such cases as *United States v. Retolaza, supra,* 398 F.2d at 242 and *Hackworth v. United States,* 380 F.2d 19, 21 (5th Cir. 1967), *cert. denied,* 389 U.S. 1054, 88 S.Ct. 799, 19

---

1. Thayer, A Preliminary Treatise on Evidence at the Common Law (1898).

L.Ed.2d 848 (1968) which held that, in the absence of objection, an instruction on the presumption of sanity did not constitute plain error. *See also United States v. Sennett, supra,* 505 F.2d at 778 where the court found no showing of substantial prejudice requiring reversal even though proper objection was taken. As in *Sennett,* the court below unequivocally instructed the jury that the Government had the burden of proving beyond a reasonable doubt that the defendant was sane. We see no reason, therefore, to exercise our discretionary power of reversing for plain error. *Cf. United States v. Indiviglio,* 352 F.2d 276, 280 (2d Cir. 1965), *cert. denied,* 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).[2]

■ Appellant's remaining assertions of error may be quickly disposed of. Defense counsel requested that the jurors be given three choices for their verdict: guilty, not guilty or not guilty by reason of insanity. The District Judge's refusal to submit the third alternative was not error. *United States v. Barrera,* 486 F.2d 333, 339 (2d Cir. 1973), *cert. denied,* 416 U.S. 940, 94 S.Ct. 1944, 40 L.Ed.2d 291 (1974).

■ Defense counsel also requested that the jury be charged on the lesser included offenses of voluntary and involuntary manslaughter. When the court indicated its willingness to charge only on voluntary manslaughter, defense counsel opted to proceed on the murder charge alone. A defendant is entitled to a charge on a lesser included offense only if the evidence warrants it. *United States v. Carroll,* 510 F.2d 507, 509 (2d Cir. 1975). In view of the undisputed testimony that the deceased was brutally kicked and strangled to death, we see no error in the court's refusal to charge involuntary manslaughter.

The judgment of conviction is affirmed.

2. We note with interest that our own Judge Lumbard, sitting by designation in the Ninth Circuit and concurring in *United States v. Arroyave, supra,* 465 F.2d at 964, stated that if he were sitting in the Second Circuit he would vote to affirm the conviction. He said:

Taking the charge as a whole, I believe it was clear to the jury that, if they had a reasona-

ble doubt about Arroyave's sanity, they must acquit him. This was tantamount to requiring the government to prove beyond a reasonable doubt that Arroyave was sane at the time of the offense with which he was charged.

We think this language is equally applicable to the charge in the instant case.