**UNITED STATES of America**

v.

**Arnold STEINBERG.**

**Crim. No. N–76–131.**

United States District Court, D. Connecticut.

Feb. 7, 1977.

Hugh W. Cuthbertson, Asst. U. S. Atty., New Haven, Conn., for plaintiff.

Peter Goldberger, Asst. Federal Public Defender, New Haven, Conn., for defendant.

## RULING ON GOVERNMENT'S MOTION FOR PSYCHIATRIC EXAMINATION OF DEFENDANT

NEWMAN, District Judge.

The Government has moved for an order requiring the defendant to submit to a psychiatric examination for purposes of developing evidence bearing upon the defendant's mental responsibility. A prior examination ordered solely for purposes of determining the defendant's competency to stand trial was conducted and resulted in a finding of competency. See 18 U.S.C. § 4244. Defendant opposes the Government's pending motion.

■ Fed.R.Crim.P. 12.2(c) authorizes the court, in an "appropriate" case, upon motion by the prosecutor to order the defendant to submit to a psychiatric examination.[1] Defendant initially objects on the ground that the Government has not made a showing that this is an "appropriate" case. Neither ¶(c) of the Rule nor the Notes of the Advisory Committee explicitly disclose the standard to be used in determining when a case is "appropriate" for a required psychiatric examination. Since ¶(a) of Rule 12.2 obliges the defendant to give notice of an insanity defense "within the time provided for the filing of pretrial motions," a reasonable construction is that any case in which such notice is given is "appropriate" for an examination pursuant to ¶(c). The Advisory Committee's Notes support this view: "The objective [of the notice requirement] is to give the government time to meet the issue, which will usually require reliance upon expert testimony."

■ Perhaps special circumstances may exist in a particular case that would make it inappropriate to order an examination even after notice of an insanity defense, but such circumstances do not appear in this case. Once notice of the insanity defense has been given, there is no reason to infuse the word "appropriate" with any special meaning that would require a particularized showing of need.

■ Defendant challenges Rule 12.2 and ¶(c)'s examination requirement as a violation of the Fifth Amendment's privilege against self-incrimination. Acknowledging that in this Circuit self-incrimination objections to such an examination have been rejected, *United States v. Trapnell*, 495 F.2d 22 (2d Cir. 1974); *United States v. Baird*, 414 F.2d 700 (2d Cir. 1969), defendant suggests that his objection finds support in the Supreme Court's decision in *McNeil v. Director, Patuxent Institution*, 407 U.S. 245, 92 S.Ct. 2083, 32 L.Ed.2d 719 (1972). *McNeil* involved the validity of a prisoner's confinement beyond the length of his sentence solely for his refusal to submit to a psychiatric examination that had been ordered *ex parte* as the initial step in determining the appropriateness of commitment for an indeterminate term under Maryland's Defective Delinquency Law. Md. Ann.Code, Art. 31B (1971). The Court invalidated the commitment for lack of procedural due process, noting that the petitioner did not challenge the order committing him for a psychiatric examination, 407 U.S. at 248, 92 S.Ct. 2083, and specifically declining to consider petitioner's Fifth Amendment claim that he could not be confined for refusing to submit to the examination, 407 U.S. at 250, 92 S.Ct. 2083. *McNeil* casts no doubt on Rule 12.2 nor this Circuit's case law that preceded the rule.

Finally, defendant suggests that ¶(c)'s attempt to observe self-incrimination protections by barring admissibility of defendant's statements "on the issue of guilt" is unsuccessful because insanity is a question

---

1. The Government's motion cites as authority only Fed.R.Crim.P. 57(b), which authorizes a court to proceed in any lawful manner not inconsistent with the criminal rules "[i]f no procedure is specifically prescribed by rule." The specificity of Rule 12.2(c) obviously controls in this case.

that goes to the issue of guilt. The argument purports to draw some support from *United States v. Hendrix*, 542 F.2d 879 (2d Cir. 1976), which upheld a trial judge's refusal to submit to the jury a possible verdict of not guilty by reason of insanity. Apparently, defendant is contending that the unavailability of a verdict of not guilty by reason of insanity means that the issue of responsibility must be determined along with all other issues of guilt and that under such a procedure statements elicited from the defendant during a psychiatric examination that bear on commission of the offense will be heard by the jury in violation of Rule 12.2(c)'s attempted effort to protect against self-incrimination.

*Hendrix* relied on *United States v. Barrera*, 486 F.2d 333, 339 (2d Cir. 1973), which asserted the unavailability in this Circuit of a verdict of not guilty by reason of insanity. But even if such a verdict continues to be unavailable, despite the arguably contrary implication of Rule 12.2(c), the self-incrimination violation apprehended by defendant can be avoided. Both the Advisory Committee's Notes and the report of the House Judiciary Committee specifically contemplate a separate determination of the issue of sanity after guilt has been determined. See Historical Note, following 18 U.S.C.A. Rule 12.2. Use of defendant's statements elicited at a psychiatric examination solely at a hearing to determine sanity encounters no self-incrimination objection under *Trapnell*. Whether the jury considering the issue of sanity at such a separate hearing should be offered the chance to declare the defendant not guilty by reason of insanity, or simply not guilty, in the event the Government fails to sustain its burden of proof, is an issue that can be determined at trial.

The Government's motion is granted.