STATE OF CONNECTICUT *v.* ROBERT M. URIANO

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and BOGDANSKI, Js.

Argued May 3—decided June 5, 1973

*Herbert G. Appleton,* special public defender, for the appellant (defendant).

*George D. Stoughton,* chief assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

PER CURIAM. On a jury trial, the defendant was found guilty of the crime of maiming to disfigure in violation of § 53-14 of the General Statutes. Pursuant to the dictates of *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, and the opinion of this court in *Fredericks* v. *Reincke,* 152 Conn. 501, 505, 208 A.2d 756, following that decision, a special public defender was appointed to prosecute the appeal which the defendant wished to have taken to this court. The assignments of error which have been pressed on this appeal relate solely to claimed errors in the court's charge to the jury and a claim that allegedly prejudicial remarks were made by the assistant state's attorney in the course of his argument to the jury. A claim that the court should have informed the jury that the defendant was liable to civil commitment if he were acquitted on grounds of insanity was properly abandoned in the light of the decisions of this court in *State* v. *Pastet,* 152 Conn. 81, 85, 203 A.2d 287, and *State* v. *Wade,* 96 Conn. 238, 242, 113 A. 458. That assignment of error had no merit.

The record discloses that the defendant's defense was predicated on a claim of insanity. That issue was properly left to the jury and it was decided against him. None of the questions now raised on this appeal was ever raised in the trial court. No requests to charge were filed with the presiding judge and no exceptions were taken to the charge

as given; nor was any question raised in the trial court as to any remarks of the assistant state's attorney now claimed to have been improper.

As we have repeatedly stated, this court will not consider claimed errors on the part of the trial court unless there has been a compliance with the provisions of § 652 of the Practice Book, that is, "unless they are specifically assigned and unless it appears on the record that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim, or that it arose subsequent to the trial." See *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576, and cases cited. An examination of the record discloses that the questions now sought to be raised on this appeal were not raised and ruled on in the trial court and that there is nothing to bring the case within the exceptional circumstances noted in *State* v. *Evans,* supra.

There is no error.