STATE OF CONNECTICUT *v.* JESSIE LEE GREEN, JR.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued October 19—decision released November 23, 1976

*Martha Stone*, for the appellant (defendant).

*Richard F. Banbury*, chief assistant state's attorney, with whom, on the brief, was *George D. Stoughton*, state's attorney, for the appellee (state).

LONGO, J. The defendant, Jessie Lee Green, Jr., was found guilty by a jury of robbery in the first degree, in violation of General Statutes § 53a-134 (a) (2), and kidnapping in the second degree, in violation of General Statutes §§ 53a-94 and 53a-91 (2) (b). The defendant appeals that conviction to this court alleging error in the trial court's charge to the jury and in the admission of certain evidence.

The essential facts leading to the defendant's arrest are undisputed and briefly are as follows: The victim was entering her car in a parking lot when she was approached by the defendant who, brandishing a knife, forced his way into the victim's car, demanded and took her money, and forced her to accompany him on a reckless, careening ride around Hartford. The victim's speeding car was observed by officers in a police car. The police gave chase and the car containing the defendant and his victim flipped over, whereupon the defendant emerged from the vehicle holding a knife to his victim in an attempt to fend off the police. Finally, Officer Richard W. Poucher of the Hartford police department fired a shot, causing the defendant to fall to the ground and release his hostage. The

defendant was then apprehended and taken to police headquarters where he made a statement confessing his involvement in the above incident.

At trial, the defendant relied principally upon a defense of insanity. The defendant's first allegation of error arises from the trial court's refusal to instruct the jury on the effect of a verdict of not guilty by reason of insanity. The defendant requested the following instruction: "If the defendant is found not guilty by reason of insanity, it does not mean that he will necessarily go free. It becomes the duty of the Court to conduct a hearing within ninety days to determine whether he should receive further treatment and remain in custody." We agree with the trial court that the requested instruction should not have been given to the jury. The requested instruction seeks to apply General Statutes § 53a-47[1] to the present case. The instruction, however, overlooks the second part of the statute. In subsection (a), the statute states that the court shall order any person acquitted of charges on the grounds of insanity confined to a

[1] "[General Statutes] Sec. 53a-47. ACQUITTAL ON GROUNDS OF MENTAL DISEASE OR DEFECT. CONFINEMENT AND EXAMINATION. RELEASE. (a) (1) When any person charged with an offense is acquitted on the grounds of mental disease or defect, the court shall order such person to be temporarily confined in any of the state hospitals for mental illness for a reasonable time, not to exceed ninety days, for an examination to determine his mental condition, except that, if the court can determine, on the basis of the evidence already before it, that such person is not mentally ill to the extent that his release would constitute a danger to himself or others, the court may order his immediate release, either unconditionally or conditionally pursuant to subdivision (2) of subsection (e). . . . If the court determines that the preponderance of the evidence at the hearing establishes that such person is mentally ill to the extent that his release would constitute a danger to himself or others, the court shall confine such person in a suitable hospital or other treatment facility. . . ."

state hospital for not more than ninety days for mental examination after which a hearing shall be held to determine whether the subject's release would constitute a danger to himself or others. In the event the court so determines, it may then, under subsection (b), order the subject confined for a period up to the maximum term fixed by statute for the offense committed. Subsection (a), however, also provides that the court need not order confinement. It states: "[I]f the court can determine, on the basis of the evidence already before it, that such person is not mentally ill to the extent that his release would constitute a danger to himself or others, the court may order his immediate release, either unconditionally or conditionally pursuant to subdivision (2) of subsection (e)."

Though it is extremely unlikely that any judge would have allowed this defendant to go free, the fact remains that the requested charge was not an accurate statement of the law and was, therefore, properly denied. *State* v. *Brown,* 163 Conn. 52, 60, 301 A.2d 547. Furthermore, we are unpersuaded that we should reconsider our consistent rulings that a defendant does not have a right to have the jury charged on the effect of a verdict of not guilty by reason of insanity. As we stated in *State* v. *Uriano,* 165 Conn. 104, 105, 328 A.2d 679: "A claim that the court should have informed the jury that the defendant was liable to civil commitment if he were acquitted on grounds of insanity was properly abandoned in the light of the decisions of this court in *State* v. *Pastet,* 152 Conn. 81, 85, 203 A.2d 287, and *State* v. *Wade,* 96 Conn. 238, 242, 113 A. 458. That assignment of error had no merit."

The defendant next alleges error in the trial court's admission of testimony given by Robert C.

Doherty, the state-appointed psychiatrist assigned to evaluate the defendant's mental competence to stand trial, which testimony was offered to rebut the defendant's defense of insanity. The defendant argues that Dr. Doherty's testimony on an issue other than that which he was appointed to investigate, without any further inquiry into the defendant's case, was in violation of the defendant's rights under General Statutes § 52-146f and his right to due process under the fourteenth amendment. As the defendant concedes, however, trial counsel failed to object to the admission of Dr. Doherty's testimony and, therefore, abandoned any right to raise the above claim before this court. See *State v. Evans,* 165 Conn. 61, 327 A.2d 576,[2] and cases cited.

The defendant also contends that the state's cross-examination of Bernard Pellet, a psychologist and one of the defendant's expert witnesses, was improper. The defendant claims that the state exceeded the proper scope of cross-examination by questioning Dr. Pellet on the contents of a report he had filed on the defendant, dated November 14, 1973, which had not been introduced into evidence by the defendant. The only objection to the report to which an exception was taken was to the question by the state's attorney: "May I have your copy of the report?" Defense counsel objected "on a violation of the defendant's rights under the fifth amendment." We do not find the cross-examination objectionable. We have often stated that the trial court has wide discretion in setting the scope of

[2] We are unpersuaded that the defendant's claim constitutes one of the exceptional circumstances we recognized in *State v. Evans,* 165 Conn. 61, 70, 327 A.2d 576, in which this court will disregard a procedural infirmity and discuss the merits.

cross-examination. *State* v. *Palozie,* 165 Conn. 288, 297, 334 A.2d 468. Although we have stated that "[a] cross-examination as to the contents of a writing should ordinarily not be permitted unless the writing is in evidence"; *Shulman* v. *Shulman,* 150 Conn. 651, 662, 193 A.2d 525; we have recognized an exception to that rule "where a witness on his direct examination refers to a document which has not been admitted in evidence. *Fine* v. *Moomjian,* 114 Conn. 226, 232, 158 A. 241." *Shulman* v. *Shulman,* supra, 662 n.2. We find this exception applicable to the present case. It appears in the transcript of the trial that defense counsel on direct examination asked Dr. Pellet whether, after interviewing the defendant on November 11, 1973, he had made a diagnosis of him. Dr. Pellet responded: "I was asked by the counsellor to make — to submit a report and to include a diagnostic statement, and I did." The psychologist was then requested to explain the diagnosis contained in the report, and he did. It was proper for the prosecution then to cross-examine Dr. Pellet on the contents of the report.

The defendant next alleges that references by the defense psychiatrist on cross-examination to the defendant's prior arrest record and history of misconduct constitute reversible error. The sole objection to the cross-examination of Joyce E. Millett made by the defendant at trial came after the prosecution had tried to elicit testimony on how long the defendant had been schizophrenic. In response to a prosecution question the witness responded in part: "I think he started in '63 taking motor vehicles, which was from '63 to '74. I think there were something like sixteen arrests of which ten were motor vehicle but if you looked at

it, there was a purpose for him stealing cars and then selling them to someone." The prosecution then asked the witness if she had "any kind of opinion as to approximately what age he slipped from being an antisocial person." Defense counsel then objected on the ground that "[t]he determination here is what on September 12th was his mental condition. The fact of when exactly he became schizophrenic is immaterial in this case.".

The defendant has not pursued his immateriality objection on appeal and it is, therefore, considered abandoned. *State* v. *Saia,* 167 Conn. 286, 291, 355 A.2d 88; *State* v. *Mullings,* 166 Conn. 268, 280, 348 A.2d 645. Furthermore, in light of Dr. Millett's testimony on direct examination that the defendant was suffering from a schizophrenic reaction, the question was within the permissible scope of cross-examination. *State* v. *Vennard,* 159 Conn. 385, 394, 270 A.2d 837, cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625. The defendant attempts to use this single objection as a springboard from which to launch a broad attack on Dr. Millett's testimony about the defendant's history. The objection is clearly inadequate to raise the issue. Even if it were not, the claim would lack merit. On direct examination the witness testified extensively about the defendant's past acts and his pattern of antisocial conduct. The single reference excepted to on cross-examination could not be considered unduly prejudicial or even objectionable.

Finally, the defendant alleges error in the trial court's charge to the jury on the issue of insanity. The defendant argues that the trial court erroneously shifted the burden of proof on the insanity issue from the state to the defendant. The defend-

ant requests that we consider his claim even though no objection was raised or exception taken at trial. We see nothing which takes this case from under our firm rule that we will not consider errors which are raised for the first time on appeal. *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576. Even if we were to consider the claim we would find it devoid of merit since the charge must be reviewed as a whole and statements were abundant that the burden of proof rested with the state. *State* v. *Beaulieu,* 164 Conn. 620, 632, 325 A.2d 263; *State* v. *Guthridge,* 164 Conn. 145, 154, 318 A.2d 87.

There is no error.

In this opinion HOUSE, C. J., LOISELLE and BARBER, Js., concurred. BOGDANSKI, J., concurred in the result.