STATE OF CONNECTICUT *v.* NELS GENE HOLMQUIST

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued March 3—decision released May 31, 1977

*Howard I. Gemeiner,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

SPEZIALE, J.  On January 19, 1970, the defendant was indicted by a grand jury for the crime of murder in the first degree.  On a trial to a jury, the defendant was found guilty of the crime of the lesser included offense of murder in the second degree and the court, after denying the defendant's motion to set aside the verdict, sentenced the defendant to life imprisonment.  The defendant has appealed to this court, assigning eight claims of error but briefing only three.  Assignments of error which are not briefed are deemed abandoned. *State* v. *Williams,* 170 Conn. 618, 619, 368 A.2d 140; *State* v. *Beauton,* 170 Conn. 234, 236–37, 365 A.2d 1105.

The murder charge arose from the fatal shooting of Alexander Sim of Milford by the defendant, Nels Holmquist.  The relevant facts were not in substantial dispute and can be briefly summarized:  On November 11, 1969, at approximately 9 p.m., the defendant approached Sim as he was emerging from his automobile and fatally shot him in the face and abdomen with a small handgun.  The defendant had been keeping company with Agnes Sim, the victim's wife, for some time prior to the shooting.  The defendant was seen running from the Sim automobile shortly after sounds, likened to gunshots, were heard coming from the car.  During the trial, the defendant did not contest that he had shot Sim but claimed that he should not be held accountable for the killing because of the insanity which had overtaken him at the time of the shooting.  In support of his claim, the defendant introduced psychiatric testimony that he had become emotionally unstable, paranoid, overly suspicious and overly jealous.  The psychiatrists appearing for the defendant at trial further testified that his personality

disorder and mental defect were such that they more likely than not rendered him unable to control his conduct to the extent that he would commit an unlawful killing. There was other testimony, however, from which the jury could reasonably conclude that the defendant on the day in question did not lack substantial capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, which was the test of insanity to be applied under the law that existed at the time of trial.[1]

The defendant first claims that the court erred in refusing to charge the jury on the effect of a verdict of not guilty by reason of insanity. The record discloses that the defendant requested in writing that the trial court charge the jury as follows: "If you find the insanity as well as the guilt of the accused is clear, I instruct you that a verdict of not guilty on the grounds of insanity will subject the accused to such restraint so as to prevent him from doing injury to the person or property of others." The defendant's brief contains no authority to indicate that the requested charge accurately stated the law existing at the time of his trial. See *State v. Green,* 172 Conn. 22, 25, 372 A.2d 133; *State v. Brown,* 163 Conn. 52, 60, 301 A.2d 547. Our cases definitively hold that a court is not obliged to charge the jury on the effect of a verdict that a defendant is not guilty by reason of insanity. As we have very recently stated: "[W]e are unpersuaded that we should reconsider our consistent rulings that a defendant does not have a right to have the jury charged on the effect of a verdict of not guilty by reason of insanity." *State v. Green,* supra; *State*

---

[1] This test is substantially the same as the present one set forth in § 53a-13 of our Penal Code, effective October 1, 1971.

v. *Uriano,* 165 Conn. 104, 105, 328 A.2d 679; *State* v. *Pastet,* 152 Conn. 81, 85, 203 A.2d 287; *State* v. *Wade,* 96 Conn. 238, 242, 113 A. 458. This well-established general rule is widely followed by other courts, despite some conflict among the jurisdictions as to whether it is actually improper to give the requested charge or whether it is a matter resting in the court's discretion. See annot., 11 A.L.R.3d 737, and cases cited therein. In support of the rule that a defendant has no right to a jury charge on the effect of a not guilty verdict by reason of insanity, it has been said: "Two basic reasons are given for the majority position: first, it is considered that to inform the jury about post-trial disposition of the defendant might confuse the issue or issues to be decided, thereby drawing the attention of the jury away from their chief function of judging the facts. . . . Another reason given is that such an instruction might tend to influence the jury to find the existence of mental irresponsibility by deviating from the strict confines of the evidence on mental disorders. In fact, it has been said that such an instruction actually amounts to an invitation for the jury to reach a compromise verdict and find the defendant mentally irresponsible because he will be confined anyway." *People* v. *Adams,* 26 N.Y.2d 129, 138, 257 N.E.2d 610, cert. denied, 399 U.S. 931, 90 S. Ct. 2262, 26 L. Ed. 2d 800. "Generally speaking, the jury's duty, as distinguished from that of the court, is to decide the issue of defendant's guilt or innocence. The defense of insanity does no more than present a question for the jury's consideration in determining that issue. . . . After the jury has made its determination it becomes the duty of the court . . . to impose sentence or make such other disposition as is required by law. In making its

determination, the jury should not be influenced by a consideration of what will be the result of its verdict, nor should its attention be distracted from its chief function." *State* v. *Conforti,* 53 N.J. 239, 244, 250 A.2d 6; see annot., 11 A.L.R.3d 737, and cases cited therein. The only support offered by the defendant in furtherance of his attempt to have us change our established rule on this issue consists of a line of cases from the District of Columbia representing a distinctly minority position. "Taking a radically different view of the matter, the courts in the District of Columbia hold that [an instruction on the effect of a verdict of not guilty by reason of insanity] is not only proper, but necessary . . . unless the defendant affirmatively objects to it." Annot., 11 A.L.R.3d 737, 739. Neither these cases nor their rationale persuade us that we should reconsider our consistent rulings on this matter. *State* v. *Green,* 172 Conn. 22, 25, 372 A.2d 133.

The defendant also claims that the court committed reversible error in its supplemental charge to the jury on the question of the presumption of sanity. To place the supplemental charge properly in context, it is necessary to consider the overall charge pertaining to the burden of proof on the insanity issue. See *State* v. *Crawford,* 172 Conn. 65, 69, 372 A.2d 154; *State* v. *Ralls,* 167 Conn. 408, 422, 356 A.2d 147. At the beginning of its main charge dealing with the mental element necessary for a conviction of murder, the court instructed the jury that the "law presumes all persons sane unless and until the contrary appears" and the state "in opening its case before you, had a right to rely on this presumption. Therefore, *in the order of proof,* the state put in no evidence of sanity in opening its case." (Emphasis added.) The court further

stated that "if that question is to be raised, it is the duty of the defense to offer evidence bearing upon it" and "when insanity is put in issue by the accused, the presumption of sanity is no longer present, and the jury is no longer concerned with it, and the jury must determine whether or not the state has proven beyond a reasonable doubt the sanity of the accused at the time of the alleged act." Thereafter, the court repeatedly and explicitly instructed the jury that in the case before them the state had the burden of proving the defendant's sanity beyond a reasonable doubt. Because of an exception from the state, the court instructed the jury in a supplemental charge[2] that when they were told that a person is presumed sane until evidence of insanity is introduced by the defense, the court should actually have specified that the presumption does not lose its operative value until *substantial*

---

[2] The court's supplemental charge on this matter was as follows: "Ladies and gentlemen: It has been called to my attention that in one instance when I was discussing with you the question of presumption of sanity, I said, I think, that the law presumes all persons sane unless and until the contrary appears. I may have used that on one or two occasions, perhaps more. Then I went on to say this sentence, which I think I used at least once — may have used more than once — 'That means that in its relation to cases like this, you may assume the accused is sane unless and until evidence is introduced by the defense showing . . . [the mental condition of] the accused.' 'Unless and until.' I should have used in that phrase, ladies and gentlemen, the word, 'substantial.' I should have told you this: That all persons accused of crime are presumed sane, and the presumption of sanity may be relied upon by the state, but when substantial evidence tending to prove insanity comes into the case, the presumption loses all operative value. I didn't use the word, 'substantial.'

I did talk about evidence. I am now asking you to take the rule that the presumption the state has lasts until and unless substantial evidence comes in. When that substantial evidence comes in, then the presumption drops out of the case and the state then has the burden, based on all the evidence, to prove the accused legally sane at the time the alleged act is said to have taken place."

evidence tending to prove insanity comes into the case. See *State* v. *Conte,* 157 Conn. 209, 212–15, 251 A.2d 81, cert. denied, 396 U.S. 964, 90 S. Ct. 439, 24 L. Ed. 2d 428. The only exception[3] the defense took to this charge was a nebulous one which did not raise the point now set forth in this assignment of error. The defendant now claims for the very first time on this appeal that the error in the supplemental charge was that it seemed to suggest to the jury that they, the jury, were to determine whether the defendant had introduced the substantial quantum of evidence necessary to raise the issue of insanity, whereas this determination should be a legal question for the court to decide. This specific point was not even remotely suggested to the trial court by the defendant's exception, nor was the matter covered by a written request to charge. This court is not bound to consider claimed errors on the part of the trial court unless it appears that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim. Practice Book §§ 249, 652; *State* v. *Simms,* 170 Conn. 206, 208, 365 A.2d 821. Only in exceptional circumstances will this court consider newly raised claims. "The first is . . . where a new constitutional right not readily foreseeable has arisen between the time of trial and appeal. . . . The second 'exceptional circumstance' may arise where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental

---

[3] "If I may, I take exception to your Honor's reference to the change, 'substantial,' and you indicated you wanted the jury to take the rule. I don't think it is a rule. I think it's a statute itself. Perhaps, by the interpretation under the case law that your Honor referred to, but in your Honor referring to it as, 'take the rule,' I think it is error, and I take exception to it."

constitutional right and a fair trial." *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576; *State* v. *Simms,* supra. The defendant claims that the effect of the supplemental charge was "to lessen the State's burden and therefore lessen that constitutional protection given to the defendant." Although there is some question whether or not the "exceptional circumstances" doctrine set forth in *State* v. *Evans,* supra, is applicable, we consider this issue because of the defendant's claim that he was in some way required to carry the burden of establishing his insanity and was, therefore, "required to prove his innocence in violation of the fourteenth amendment to the United States Constitution." *State* v. *Rice,* 172 Conn. 94, 101, 374 A.2d 128; see *State* v. *Crawford,* 172 Conn. 65, 372 A.2d 154.

Basically, the question raised by the defendant is whether it was error for the court to mention the presumption of sanity to the jury once the defendant had produced "substantial evidence" of his insanity sufficient to rebut the presumption, despite the lack of objection by the defendant. Under the circumstances of this case, we cannot agree that the court's charge was error.

It is well recognized that the terms "presumption" and "rebuttable presumption" have various meanings, depending upon the sense in which the terms are used. *Gaul* v. *Noiva,* 155 Conn. 218, 220, 230 A.2d 591; *O'Dea* v. *Amodeo,* 118 Conn. 58, 64, 170 A. 486. "One ventures the assertion that 'presumption' is the slipperiest member of the family of legal terms, except its first cousin, 'burden of proof.' " McCormick, Evidence (2d Ed.) § 342, p. 802. The authorities have widely divergent views as to the effect of a presumption once contravening

evidence has been introduced by either party. See annot., 5 A.L.R.3d 19, and cases collected therein; see also *United States* v. *Hendrix,* 542 F.2d 879 (2d Cir.), reviewing the positions of the various federal circuits; *Barnett Motor Transportation Co.* v. *Cummins Diesel Engines of Connecticut,* 162 Conn. 59, 63–64, 291 A.2d 234. In the case of an insanity defense, some states follow the "lingering inference" rule enunciated by the leading New York case of *Brotherton* v. *People,* 75 N.Y. 159, 163, and still followed by the New York courts. See, e.g., *People* v. *Silver,* 33 N.Y.2d 475, 481, 310 N.E.2d 520. This rule holds that the presumption of sanity remains as *evidence* until the end of the case and the introduction of testimony in rebuttal merely presents a jury question as to whether the presumption has been overcome. Ibid. The other extreme, apparently more widely followed, is the "bursting bubble" theory which holds that once evidence contravening a presumption is introduced the presumption is spent and disappears. McCormick, op. cit. § 345, p. 821. The federal courts have also reached inconsistent results in their attempts "to find a resting place for the presumption of sanity." *United States* v. *Hendrix,* supra, 881.

The law in Connecticut, however, was stated by this court in *State* v. *Davis,* 158 Conn. 341, 355, 260 A.2d 587, as follows: "The state has a right, in the first instance, to rely on the presumption that the defendant was sane at the time of the offenses alleged in the indictment, and thereupon it becomes the privilege of the accused to offer such evidence as he desires upon the subject of his mental condition. As soon as *substantial evidence* tending to prove insanity comes into the case, *the presumption loses all operative effect.* The state may then rebut

this evidence if it desires or submit the issue to the court upon the evidence offered. In either case, the issue having been raised, the burden rests upon the state, as it does in all other essential elements in the case, to prove beyond a reasonable doubt that the accused was legally sane and responsible at the time the offenses were committed. *State* v. *Conte,* 157 Conn. 209, 212, 251 A.2d 81, cert. denied, 396 U.S. 964, 90 S. Ct. 439, 24 L. Ed. 2d 428; *State* v. *Kenyon,* 134 Conn. 43, 49, 54 A.2d 585; *State* v. *Joseph,* 96 Conn. 637, 639, 115 A. 85" (emphasis added); see *State* v. *Dubina,* 164 Conn. 95, 100–101, 318 A.2d 95; *State* v. *Vennard,* 159 Conn. 385, 404, 270 A.2d 837, cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625. In the present case, the trial court in its charge and supplemental charge accurately instructed the jury on the law in Connecticut on the issue of insanity.

Whether sanity has thus been raised or put in issue is a question of law to be resolved by the trial judge. *State* v. *Conte,* supra; 1 Wharton, Criminal Evidence (13th Ed.) § 29. Once the determination is made that sanity is in issue, the presumption of sanity "loses all operative effect." *State* v. *Davis,* supra. "Presumptions which have their basis merely in convenience and serve to bring out the real issues in dispute . . . operate only until the defendant has produced some substantial countervailing evidence . . . and when that has been done they drop out of the case. . . . The same situation exists with reference to the presumption of sanity in a criminal case. It is a convenient device for avoiding the production of evidence as to a matter which in most cases will not present any issue." *O'Dea* v. *Amodeo,* 118 Conn. 58, 61, 170 A. 486. "[S]uch presumption is not evidence and has no

probative force." *State* v. *Gargano,* 99 Conn. 103, 108, 121 A. 657; *Vincent* v. *Mutual Reserve Fund Life Assn.,* 77 Conn. 281, 290–91, 58 A. 963. The trial court in the present case clearly recognized and explained the nature of the presumption when it instructed the jury: "Therefore, in the order of proof, the state put in no evidence of sanity in opening its case. . . . So, when insanity is put in issue by the accused, the presumption of sanity is no longer present, and the jury is no longer concerned with it."

In this situation, where the presumption of sanity is not evidence but a procedural device which is out of the case once rebuttal evidence is introduced, it would be the better practice to refrain from mentioning it to the jury once the court has determined that sufficient ("substantial") evidence tending to prove insanity has been introduced. See, e.g., *United States* v. *Hendrix,* 542 F.2d 879 (2d Cir.); *United States* v. *Sennett,* 505 F.2d 774 (7th Cir.); *United States* v. *Retolaza,* 398 F.2d 235 (4th Cir.), cert. denied, 393 U.S. 1032, 89 S. Ct. 646, 21 L. Ed. 2d 576. "If it is commonly accepted that most people are sane, the prosecution will suffer little from the court's failure to mention this presumption. More importantly, the possibility of confusion resulting from the delicate balancing of the [state's] burden of proof against the presumption of sanity will be thereby eliminated." *United States* v. *Hendrix,* supra, 882.

Although it would be preferable for a court to omit references to the presumption of sanity, and simply charge on the state's burden of proving sanity beyond a reasonable doubt, we cannot say that the trial court's instructions constituted error.

The court correctly stated the applicable law throughout its charge. The nature of the presumption of sanity was clearly explained. The court adequately indicated to the jury that the defendant had met his threshold requirement of producing substantial evidence of insanity and amply instructed them that the burden was entirely on the state to prove the defendant sane beyond a reasonable doubt. "It is a well-established rule that the charge to the jury must be read as a whole and that individual instructions are not to be judged in 'artificial isolation' from the overall charge. *Cupp* v. *Naughten,* 414 U.S. 141, 147, 94 S. Ct. 396, 38 L. Ed. 2d 368; *State* v. *Ralls,* 167 Conn. 408, 422, 356 A.2d 147." *State* v. *Crawford,* 172 Conn. 65, 69, 372 A.2d 154. The cumulative effect of the overall charge was to eliminate any reasonable risk that the jury would give any weight to the presumption of sanity. See *United States* v. *Sennett,* supra. There has been no showing of even a reasonable possibility that the jurors were misled and that the defendant was thereby prejudiced in this case. See *State* v. *Ruiz,* 171 Conn. 264, 273, 368 A.2d 222; *State* v. *Rose,* 169 Conn. 683, 687–88, 363 A.2d 1077. In any event, there was no proper objection to the court's charge. See, e.g., *United States* v. *Hendrix,* supra, 883; *United States* v. *Retolaza,* supra; *Hackworth* v. *United States,* 380 F.2d 19 (5th Cir.).

We need not discuss at length the third assignment of error briefed by the defendant. After the close of testimony the defendant interrupted the state's argument to the jury, accused the state's attorney of not telling the truth, and threw a book at the state's attorney which struck him in the back. Doctor Marshall Smith, one of the psychiatrists who had testified on the defendant's behalf at the trial,

was present in the courtroom during this outburst. The defendant, through various motions by his attorney, sought the court's permission to call Dr. Smith to the stand as a witness so that he might testify concerning the effect which the defendant's outburst had on the psychiatrist's opinion as to the defendant's sanity on the date of the crime. The court denied the motions, and the defendant has pursued his exceptions on appeal. "Whether or not a trial court will permit further evidence to be offered after the close of testimony in the case is a matter resting within its discretion. *State* v. *Levy,* 103 Conn. 138, 145, 130 Atl. 96; *State* v. *Chapman,* 103 Conn. 453, 479, 130 Atl. 899; *King* v. *Spencer,* 115 Conn. 201, 203, 161 Atl. 103; *State* v. *Swift,* 125 Conn. 399, 405, 6 Atl. (2d) 359." *Hauser* v. *Fairfield,* 126 Conn. 240, 242, 10 A.2d 689. In the ordinary situation where "a trial court feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided." Ibid. Certainly no such danger was present in this case, especially in view of the extensive amount of psychiatric testimony already introduced for the defendant. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709. Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." *State* v.

*Brown,* 169 Conn. 692, 702, 364 A.2d 186.  We cannot say that the court abused its discretion in making this ruling, nor does it appear that an injustice has been done.

There is no error.

In this opinion the other judges concurred.